IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACEY J. GADSON, ) | 1:11cv1106 AWI DLB |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DEFENDANT'S MOTION TO |
| Plaintiff, ) | DISMISS |
| ) | |
| vs. ) | (Doc. 17) |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**INTRODUCTION**

Plaintiff Jacey J. Gadson ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on July 5, 2011. On December 6, 2011, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The motion is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge, for findings and recommendation to the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was awarded Supplemental Security Income ("SSI") payments beginning August 2008. Declaration of Jill Baker ("Baker Dec.") ¶ 4.

1

On November 29, 2010, the Social Security Administration ("SSA") sent a letter to Plaintiff stating that he was ineligible for benefits effective August 2010, and that his SSI payments would end on January 2011.  The letter explained that the law prohibited SSI payments to person with outstanding arrest warrants for a violation of a condition of probation or parole under Federal or State law.  According to SSA records, a warrant had been issued for Plaintiff's arrest for a parole or probation violation in Georgia.  The letter set forth the procedures for appealing the determination. Baker Dec. ¶ 5 and Exhibit A.  Plaintiff did not appeal.  Baker Dec. ¶ 6.

Subsequently, on December 1, 2010, the SSA sent a letter to Plaintiff explaining that he had been overpaid from August 2010 through December 2010.  The letter set forth the procedure for appealing the Social Security Administration's decision or requesting a waiver. Baker Dec. ¶ 7 and Exhibit B.  Plaintiff did not appeal or request a waiver. Baker Dec. ¶ 9.

SSA suspended Plaintiff's SSI payments effective January 2011.  Baker Dec. ¶ 8.

Plaintiff filed the instant action on July 5, 2011.  He contends that the SSA terminated his benefits based on an illegal warrant.[1]  Doc. 1.

Defendant filed the instant motion to dismiss on December 6, 2011.  The Court ordered Plaintiff to file a response to the motion on or before December 23, 2011.  Doc. 18.  Plaintiff did not file a response or otherwise contact the court.

## DISCUSSION

A.   Motion To Dismiss Standard

Fed. R. Civ. P. 12(b)(1) authorizes the Court to dismiss an action for lack of subject-matter jurisdiction.  The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The motion to dismiss may be made

---

[1] Defendant reports that on December 2, 2011, the district court for the Southern District of New York certified a nationwide class with respect to SSA's policy of not paying parole or probation violators under the Social Security Act based solely on an arrest warrant. *Clark v. Astrue*, No. 06-15521 (S.D.N.Y. Dec. 2, 2011). Motion to Dismiss, p. 4 n. 2. Defendant explains that SSA issued Plaintiff's nonpayment determination in November 2010, and the *Clark* court certified a class of persons who were not paid benefits after October 24, 2006. Defendant asserts that Plaintiff's dispute over the suspension of benefits based on an illegal warrant is not within the jurisdiction of this Court. The Court does not make a determination as to whether Plaintiff is a member of the class certified in *Clark*.

either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003); *McMorgan & Co. v. First Cal. Mortg. Co.*, 916 F.Supp. 966, 973 (N.D.Cal.1995)

B. <u>Analysis</u>

Judicial review of the Commissioner's administrative decisions is available only after a claimant completes a four-step administrative process, ending in a final decision from the Commissioner. 42 U.S.C. § 405(g). In order to obtain a final decision, a claimant must first receive an initial determination of his eligibility for SSI benefits. 20 C.F.R. § 416.1402 (defining initial determinations to include determinations about suspension, reduction or termination of SSI benefits). A claimant then has sixty days to request reconsideration of an adverse determination. 42 U.S.C. § 1383(c)(1)(A). Upon an adverse decision on reconsideration, he may request a hearing within sixty days of receiving the notice of determination. 20 C.F.R. § 416.1429. After such a hearing, a dissatisfied claimant may ask the Appeals Council to review the decision. 20 C.F.R. § 416.1466. The decision issued at the hearing is "final," and therefore subject to judicial review, if the individual files an action within sixty days of receiving notice of the decision of the Appeals Council. 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1400(a)(5), 416.1481.

Here, the Complaint is silent as to whether Plaintiff attempted or completed the administrative process. The uncontested exhibits attached to the motion to dismiss indicate that Plaintiff did not file an appeal following issuance of either of the letters by the SSA. Specifically, Plaintiff did not request reconsideration, a hearing by an administrative law judge or an appeal with respect to the notice of overpayment and cessation of SSI benefits. The Court therefore finds that Plaintiff has not exhausted his administrative remedies prior to filing this action and the Court lacks subject matter jurisdiction.

**RECOMMENDATION**

For the reasons discussed above, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for lack of subject matter jurisdiction be GRANTED.

This Findings and Recommendation will be submitted to the Honorable Anthony W. Ishii

3

pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Fed. R. Civ. P. 72(b); Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **January 4, 2012**                              **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE